Thank you. May it please the Court, John Ballas on behalf of Gary Ermoian. I'm splitting the 20 minutes with my co-counsel, Mr. Breenan, who represents Mr. Johnson. And I'll try again to reserve a couple minutes for rebuttal. I want to focus on the insufficient... His minutes or... I didn't know I was just giving you the business. I said a couple of his minutes. I want to focus on the insufficiency of the evidence arguments, specifically two of them. One is that the evidence was insufficient to show that Mr. Ermoian acted corruptly in obstructing, impairing, or impeding an FBI investigation. And second, that an FBI investigation does not qualify as an official proceeding under Section 1515. Isn't the... If we find with you on the official proceeding, isn't the whole case over? For me, yes. For Mr. Johnson, he was convicted of other counts and joined some of my arguments. But all the rest of my arguments with respect to Mr. Ermoian, I think, are not necessary to reach. I was only talking about your client. Assuming that there's insufficiency of evidence. We're going to hear from the government, which will probably disagree with you on that. Yes. But in the start with the official proceeding argument, in order to convict Mr. Ermoian, the government must prove beyond a reasonable doubt that he corruptly obstructed a proceeding, quote, proceeding before a Federal government agency which is authorized by law, unquote. The plain meaning of proceeding in these circumstances means more than a preliminary investigation, like an FBI investigation in this case. And I would argue that it should be more akin to a hearing or something procedurally similar, that's what the district court in Dunn said, or the district court in Ascari said, referred to it as a, something that would be, a proceeding would be more of a formal environment in which persons are called to appear to produce documents. Did the government concede that 1515a1c was the only way they were proceeding in this situation? Yes. Did they also concede that it was an FBI investigation, nothing about any foreseeable grand jury proceeding or criminal prosecution? Yes. That's at Excerpt of Record 223 and 224. Judge Wanger specifically asked Mr. Cullors that question. The indictment in this case specifically said an official proceeding to wit FBI investigation. And the government conceded that that's the only one that was charged. And when they instructed the jury, they instructed the jury only on, actually Judge Wanger instructed the jury that an FBI investigation is an official proceeding. And because it's not charged and not, and also not instructed to the jury, it's required to reverse Mr. Armoin's conviction, if you find it in my favor, and remand for entry of a judgment of acquittal. Now, help me with that. Why is it automatically judgment of acquittal? Because the evidence. Had to be retried? No, because the only, the only charge was obstructing an official proceeding. Right. So the evidence is insufficient on that. And I think both sides can't agree on that. And you say the evidence is insufficient. You're referring to the fact, or at least your argument, that the FBI investigation is not an official proceeding. Yes. All right. Thank you. And the other evidence I think that supports that, besides the plain meaning of the statute, is that the use of the word before in the phrase, proceeding before a federal government agency, you wouldn't typically say an investigation before a federal government agency. The Ramos decision made that point. And there's really no case, legislative history on the meaning of official proceeding in this context. The government cited one line from a Senate report that said that in the statute official proceeding is defined broadly, but it doesn't say anything about what the meaning of official proceeding is further than that. And, in fact, I cited case law and legislative history behind Section 1505 that specifically talks about, in that statute, that is arguably even broader, any pending proceeding rather than official proceeding. The case law unanimously goes in favor of it not being official proceeding in FBI. I think I will save my remaining time for my next question. Very well, counsel. Good morning. Gerald Brandon appearing on behalf of Stephen Johnson. I have joined in my co-counsel's remarks. I'm joining in those remarks. And the issue as to whether there's insufficient evidence to convict Mr. Johnson in Count 16, a conspiracy to obstruct Justice Count, are virtually the same. And if that's the case, then Count 16 goes away and also the enhancement imposed for a violation of a position of trust goes away. Now, of course, Mr. Johnson has the other counts with respect to that this Court knows about, and those, of course, remain. The sentencing is limited to the sentencing issue that you're raising is limited only to the official proceeding charge? Yes. And that means if this Court holds that the FBI investigation does not qualify as an official proceeding, which I don't think it does, then Count 16 goes away and the enhancement that was imposed goes away. That was one of my questions, so you've answered it. So what are the remaining issues that affect Mr. Johnson solely? That would be the only issue. And I just want to emphasize a couple of things. I think the government's attempt to extract an interpretation of Section 1515 to include FBI investigations is really ignoring the plain wording of the statute. And this Court has held that when the plain language is clear, it is improper to look at hidden meanings and silences in legislative history, and that's exactly what the government has sought to do. And the one further point I'd like to make is that the government's attempt to do that really is an admission that the statute is ambiguous, which I don't believe it is. And if it is, then the rule of lenity must apply in this case. Thank you, counsel. You have plenty of time for rebuttal for your side. We'll hear from the government. Good morning again. Mark Cullors on behalf of the Assistant U.S. Attorney. I will be addressing the issues of the official proceeding applicability of Section 1512c2, and should the Court request any questions concerning the testimony of Rocky Pipkin, my co-counsel, Laurel Montoya, will address the issues concerning the denial of fair trial with regards to the jury staying late, the sentencing enhancement issue. Well, the official proceeding issue is probably the lead issue in the case. Yes, it is, Your Honor. Do you agree? I know you're going to get to the merits of your argument. Do you agree that if we were to hold that an FBI investigation is not an official proceeding within the meaning of the Act, then that must result in acquittal, or is there any theory under which there could be a retrial? No. The government proceeded on the theory that the official proceeding in this case was an FBI investigation. That is what we alleged. That is what the jury instruction was. So I would have to say I would agree with that synopsis. Very well. And would you further suggest that as to Johnson, that issue is really controlling of the imposition of the two-level sentencing enhancement as well? Yes. I think I would agree with that, Your Honor. So we're really, both defendants rely, we're really looking at this official proceeding definition. Yes. And it goes down for both. Yes, it does. If it goes down, it goes down. If it goes up, then we've got these other issues. Right.  Let me walk you through a four-part analysis, if I may. You certainly may. You've got 18 minutes. All right. Okay. First, you can look at the text of the statute, which official proceeding is defined in 1515 as a proceeding before a federal government agency. And then there's no mention there that a proceeding has an error of formality. So therefore, you look at the definitions of proceeding, which have been defined under Section 1505. This Court, particularly in the United States v. Vixie, defined proceeding under that as, which would include investigations. This Court also cited with approval United States v. Fruchman, which is a Sixth Circuit case, which said proceeding is a term of broad scope encompassing both the investigative and adjudicative functions of a department or agency and United States v. Browning, which is a Tenth Circuit case. Let me step you back just a little bit. Sure. When I read 15A1, official proceeding, and I read what these official proceedings are, it seems to me that each category of proceeding in that section denotes a level of formality that is not a criminal investigation. In other words, a proceeding before a judge, a proceeding before Congress, a proceeding before the federal government agency, a proceeding involving the business of insurance, and when I go down through to the end, before any regulatory official or agency. It seems to me it's a level of formality that the statute suggests. And on those words, yes, Your Honor, it is a level of formality. However, that's only the beginning of your inquiry. As I stated, the courts in defying the term proceeding, as that term is used in 1505, which is an analogous statute, states it applies to investigative functions. But that's not the end of the inquiry. Well, let's go further, then. All right. It's not the end of the inquiry. When I look at this, it says a proceeding before. There's no criminal investigation before an agency. It doesn't incur before something. It's incurred by the agency. Well, I mean, I don't know how an investigation is before the FBI at all. Otherwise, we've got an official proceeding going on in Boston today. Well, I think investigations, I think agencies conduct investigations. Yeah, they do. They conduct them. They do them. Absolutely. There's nothing before the agency. Well, I — What is the agency that you would like to be before? Is it the court or is it the FBI? In this particular case, it's the FBI. And what I'd ask this Court to do is look at Section 1512 itself. If you look at the statute itself, 1512A1C talks about killing or attempting to kill someone who's trying to communicate to a law enforcement officer about the commission or possible commission of a Federal crime. That has to do with an investigation. Section 1512 large C talks about using physical force to threaten or hinder someone to prevent the communication to a law enforcement officer about the commission or possible commission of a Federal crime. But 1512A1 says — A1C. I understand. But when we look at A1, we look at preventing attendance or testimony of a person in an official proceeding, preventing the production of a record or document or other object, being absent from an official proceeding to which the defendant has been summoned. Absolutely. But — Those don't sound like an investigation. Absolutely. I totally agree. But if A1C talks about preventing someone or killing someone to prevent him from speaking to a law enforcement officer about a commission or possible commission of a Federal crime, that has nothing to do with a proceeding or a formal proceeding. That is part of a criminal investigation. Well, the thing that worried me about this is that, you know, I can get an FBI investigation if it's about an impending foreseeable grand jury proceeding or an impending criminal prosecution based on their conduct. I can read that statute pretty wide and look at what you've taken and include the things I'm now talking about, and I can get there. But the government didn't say that. The government said, this is not about an impending foreseeable grand jury proceeding. This isn't about a criminal prosecution. This is just the investigation itself. And so what you're really saying is Congress intended, any time the FBI walks out and starts an investigation, that all of a sudden we have this statute which applies. Well, Your Honor, we do have the statute that applies to the extent that 1512a1c would apply. If you're killing someone to prevent that person from talking to an FBI agent, that falls under 1512a1c. If you're using physical force to hinder or delay that person from talking to an FBI agent about a Federal crime, that falls under 1512c. Wouldn't I even, wouldn't I even, if I took your adoption of this, criminalize conduct occurring even before the investigation started? If they did it before the investigation even started, that they were trying to keep them from talking to the FBI in case they came? Well, I think it would have to be to talk about the commission or possible commission of a Federal crime. I think those are, those are the things that narrow the focus. But, for instance, under, if you intimidate someone to stop them from talking to an FBI agent, that's under 1512b3. That's because under the Victim Witness Protection Act of 1982, under which this statute falls, it was contemplated by Congress that in order to encompass those acts which, as they stated, which can be the products of an inventive criminal mind, we have to talk about a wide range of conduct. And part of that wide range includes threatening, hindering, delaying people from reporting to law enforcement during a criminal investigation of the facts surrounding a criminal offense. 1512c2 is merely the omnibus clause. It's merely the catch-all. And as the, as the Judiciary Committee stated. Of course, he was charged under c2, not under a1c, right? Absolutely, Your Honor, because that is the omnibus clause. That is the, that's the sort of the catch-all clause in the statute that catches all other conduct that doesn't have to do with threatening, killing, or hindering someone from speaking to a law enforcement agent about the commission or possible commission of a federal crime. And I'd like to point out that under the Senate Judiciary Committee specifically stated, speaking about this section, that it applies to the CIA obstructing an FBI investigation into the Watergate burglary. They cited that language with approval when applying 1512c2. And also, Your Honor, I think you can look at 1512 in the context of 1513. 1512 having to do with the investigatory stage and the actual formal criminal stage, 1513 is retaliation. That's after you've, if you've already communicated, if you've already testified under 1513, it's a separate federal crime that'd be killed, hindered, threatened for already testifying. So I think those statutes can be read in conjunction. And I don't know if the Court has any further questions on that issue. Well, I think it lays out the issues on both sides. Thank you very much, counsel. All right. Okay. May it please the Court. My name is Laurel Montoya. I'm an assistant United States attorney in the Eastern District Advisory Council with Mr. Cullors on this matter. And I'm prepared to address the position of trust enhancement, assuming that we get to that by serving the convictions on. I don't see any questions. Okay. If there are no questions on that issue or the remaining issues, then I will submit on the brief. Very well. Thank you, counsel. Thank you. Mr. Ballas or Mr. Brannon, you have some reserved time. This time I have a lot of rebuttal time, but not too much to say. I think it's all laid out in the briefs. The Court's basically made the points I'd like to make. Unless there's any other questions, I'll submit it. Very well. Thank you. Mr. Brannon. Of course, 1512 targets tampering with witnesses, victims, and informants. Mr. Johnson's conduct does not fall into that category. The vast majority of precedent that we cited in our cases supports the idea that an official proceeding does not include an FBI investigation. And Your Honor's analysis was quite compelling in that regard. Also, I wanted to mention that the Supreme Court has repeatedly, repeatedly emphasized using restraint when it comes to the scope of interpreting criminal liability statutes. Very well. And finally, Congress knew how to, how to word a statute when it comes to charging the interference, criminalizing the interference with law enforcement investigations we have in that same chapter. There are two or three statutes in that chapter that specifically target law enforcement investigations. So they're leaving it out in 1512. It wasn't a mistake. It was intentional. Thank you very much, counsel. The case just argued will be submitted for decision.
judges: Goodwin, O'scannlain, Smith